## TEXAS CENTRAL POWER CO. v. JOLLY.*
### (No. 6907.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1922. Rehearing Denied Jan. 10, 1923.)

**Eminent domain** ⊜⇒10(1)—**Electric power company held to have power of eminent domain conferred by statute other than that under which it was organized.**

A power company chartered under Rev. St. art. 1121, § 73, as amended by Acts 1913, c. 168, § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1121, § 73), engaged in the construction and operation of an electric power line, may exercise the power of eminent domain granted to corporations so engaged by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1283a–1283d; such power not being exclusively limited to corporations organized thereunder.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by J. S. Jolly against the Texas Central Power Company for an injunction. A temporary injunction was issued, and defendant appeals. Reversed and remanded, with instructions to dissolve.

Kleburg, Stayton & North, of Corpus Christi, for appellant.

Boone, Pope & Savage, of Corpus Christi, for appellee.

SMITH, J. The Texas Central Power Company was chartered under the provisions of section 73, art. 1121, R. S., as amended by the act of 1913 (Gen. Laws, p. 352, § 1 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1121]), and is engaged in the manufacture and sale to the public of electric power, which is generated at its plant in Corpus Christi, and conveyed over its power lines from there to other towns in that section. In constructing its power line from the city of Corpus Christi to the town of Bishop, in Nueces county, the company, under the provisions of chapter 21A, tit. 25, Vernon's Sayles' Ann. Civ. St. 1914 (Acts 1911, p. 228), procured the condemnation of a right of way over appellee's land, but, when it sought to take possession of the right of way under the judgment in condemnation, appellee sought and procured a temporary injunction restraining the company from taking such possession.

The only question presented is whether or not appellant, chartered under section 73, art. 1121, and engaged in the construction and operation of an electric power line between the towns in question, has the right to exercise the power of eminent domain granted in chapter 21A. We think the question should be answered in the affirmative, and that the court erred in granting the injunction.

Section 73, art. 1121, as amended, and so far as applicable here, is as follows:

"Private corporations may be created for or after being created may so amend their charters so as to include two or more of the following purposes, namely: The supply of water to the public for irrigation, power, municipal or domestic purposes; the manufacture of and supply of ice to the public; the generation of and supply of gas, electric light and motor power to the public; the manufacture, supply and sale of carbonated water to the public; the operation of cotton seed oil mills and the operation of cotton compresses."

Articles 1283a, 1283b, 1283c, and 1283d, c. 21A, provide:

"Art. 1283a. That any number of persons, not less than three, may organize themselves into a corporation for the purpose of generating, manufacturing, transporting and selling gas, electric current and power in this state.

"Art. 1283b. The manner and method of organizing such corporations shall be the same as provided by law for the organization of private corporations under chapter 2, title 21, of the Revised Civil Statutes of the state.

"Art. 1283c. Such corporation shall have the power to generate, make and manufacture, transport and sell gas, electric current and power to individuals, the public and municipalities for light, heat, power and other purposes, and to make reasonable charges therefor; to construct, maintain and operate power plants and substations and such machinery, apparatus, pipes, poles, wires, devices and arrangements as may be necessary to operate such lines at and between different points in this state; to own, hold, and use such lands, rights of way, easements, franchises, buildings and structures as may be necessary for the purpose of such corporation."

Art. 1283d. Confers the power of eminent domain on "such corporation."

Appellant corporation was chartered under section 73, of article 1121, for these purposes:

"(1) The supply of water to the public for irrigation, power, municipal or domestic purposes;

"(2) The manufacture of and supply of ice to the public:

"(3) The generation of and supply of gas, electric light and motor power to the public."

It will be observed that article 1283a provides for the organization of corporations for the purposes of "generating, manufacturing, transporting and selling * * * electric current and power, * * * while appellant was incorporated under article 1121 for the purposes of "the generation of and supply of * * * electric light and motor power to the public," besides the purposes of irrigation and making and selling ice. Appellee contends, in effect, that the purposes of the corporations provided for in the two articles differ; that the right of eminent domain given corporations organized under

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused February 7, 1923.

chapter 21A is by the express terms of that act restricted to the use of the corporations organized thereunder, and cannot by implication be extended to those organized under article 1121. This contention is narrowed to the position that the corporation provided for in article 1121 is limited in its purposes to the manufacture and supply of electric power to the public in particular municipalities, while the purposes of the corporations provided for in article 1283a is for the manufacture and transportation of power from locality to locality in different parts of the state; that one corporation is purely local, and the other interurban. These contentions are not so simple that they may be disposed of by a mere wave of the hand.

As a practical matter there is no difference between the "generation of and supply of * * * electric light and motor power to the public," the purposes expressed in article 1121, and "generating, manufacturing, transporting and selling * * * electric current and power," the purposes expressed in article 1283a. It is a matter of common knowledge, of course, that to "generate" electric current, or power, is to "manufacture" it, and to "manufacture" it is but to "generate" it. For this purpose the terms are convertible, and mean precisely the same thing. Likewise the "supply" of this product "to the public" means, of course, "selling" it to the public, since by no sort of means does it ever, within our knowledge, approach anything like the nature of a gift to the public, or the individual members thereof. Appellee stresses the use of the word "transporting," used in the purpose clause of article 1283a, as being a power not granted in article 1121. But such word is surplusage, and serves no integral purpose, as there used. After current or power is manufactured or generated, it must be "transported" to the consumer, whether the latter be 20 feet or 100 miles away, and the power to manufacture and sell carries with it, as a matter of course, the incidental and essential authority to transport. Town-Site Co. v. Telephone Co., 109 Tex. 452, 212 S. W. 147. So it may well be said that the purposes expressed in the two articles under consideration are the same, and the powers and duties of the corporations organized under either are likewise the same. This is emphasized in this case by the fact that appellant, although organized under article 1121, is doing the very things appellee says may be done only under article 1283a, without complaint from the state, under whose authority it is acting and which alone has the right to complain. The fact that appellant is authorized under its charter to manufacture ice, and to supply water for irrigation and other purposes, in addition to the purpose discussed, is quite beside the question, and has nothing to do with the de-

termination of the matter at issue here, since appellant does not seek to condemn appellee's property for either of those purposes, which the statute expressly authorizes the corporation to combine in its charter with light and power purposes. Article 1121, subd. 73; Borden v. Trespalacios Co. (Tex. Civ. App.) 82 S. W. 463; Id., 98 Tex. 494, 86 S. W. 11, 107 Am. St. Rep. 640.

The purposes of the corporations to be organized under the two acts being at least substantially the same, it is not conceivable that the Legislature intended by the later act to give to one corporation, while withholding from the other, the right to exercise the power of eminent domain in the prosecution of its business. We think, rather, it was the intention to give that right to all corporations engaged in the business of making and supplying to the public electric current for power purposes, whether organized directly under the provisions of that act or under the provisions of article 1121. In fact it was expressly provided in the act that the corporations therein provided for must be incorporated under the provisions of the general statute (article 1121), and we construe the effect of this provision to be that all corporations having the purposes enumerated therein shall have the right to exercise the further power of eminent domain therein granted. Town-Site Co. v. Telephone Co., 109 Tex. 452, 212 S. W. 147; Borden v. Trespalacios Co. (Tex. Civ. App.) 82 S. W. 461; Id., 98 Tex. 494, 86 S. W. 11, 107 Am. St. Rep. 640. It should not matter from which statute or subdivision thereof the corporation appropriates its stated purposes, so long as such purposes embrace those enumerated in article 1283a. In the case of Town-Site Co. v. Telephone Co., supra, the telephone company, chartered under the general corporation statute (article 1121, subd. 8) for the purpose of "operating" a telephone line, sought to condemn a right of way under the authority to condemn conferred in articles 1231 and 1232 upon corporations created for the "purpose of constructing and maintaining magnetic telegraph lines." The purpose expressed in subdivision 8, art. 1121, was "the construction and maintenance of a telegraph and telephone line." The purpose expressed in the charter of the corporation was that of "operating" such line. No provision was made in article 1121 granting to such corporation the right to exercise the power of eminent domain. But in article 1231, it was provided that corporations created for the purpose of "constructing and maintaining magnetic telegraph lines" should have certain rights therein specified, and in article 1232 it was provided that "such companies" should have the right to condemn, etc. It was held, in an opinion by Mr. Justice Greenwood, that the purpose expressed in the charter was in effect the same as that expressed

in article 1231, and that under article 1232 the corporation had the right to condemn. We think that decision is by analogy in point here; for, while the language in the purpose clause of appellant's charter is not the same as that used in article 1283a, the purpose expressed is the same in both, and appellant corporation is alike amenable to, and the beneficiary of, the provisions of chapter 21A which confers the right to exercise the power of eminent domain on such corporations.

We' think the order was improperly issued, wherefore the judgment will be reversed, and the cause remanded, with instructions to the court below to dissolve the injunction.